### 20611. CULL v. CULL, executor.

STEPHENS, J. 1. Where a testator bequeathed certain property, including live stock, to his wife and children, and bequeathed "one mule" to his son, to be selected by the son, and where, after the death of the testator, the son selected, from property in the physical possession of the wife, who had possession of property of the estate, a mule which he believed in good faith was the property of the testator but which the wife claimed as her own, and which, as a result of a suit in trover brought by the son against the wife, was awarded to the wife as her property, and where the son afterwards selected another mule in the possession of the wife and which belonged to the testator's estate and to which title was claimed by the wife and children under the will, the wife and children, in the absence of any assent by the executor to the legacy as applied to this mule, acquired no title by prescription as against the right of the son to select this mule under the terms of the will. Upon the trial of a suit in trover, brought by the son against the wife to recover the latter mule after the termination of the trover suit for the other mule which resulted in favor of the wife, where the only evidence tending to show any consent by the executor, who was the plaintiff himself, to the legacy to the wife as applied to the mule which is the subject-matter of the present suit, was evidence that the plaintiff, before the termination of the former trover suit, stated that he had the mule to which he was entitled under his father's will, and was satisfied and would give the wife no more trouble, and where the evidence authorized the inference that the plaintiff, when he said this, had possession of the mule which was the subject-matter of the first suit and which, as appeared from the evidence, the plaintiff in good faith selected as the mule to which he was entitled under the father's will, the inference was authorized that the plaintiff, if he was assenting to the legacy to the de-

fendant as applied to the mule which is the subject-matter of the present suit, did so only because he had already received the mule to which he was entitled under the will, and where, as a result of the former suit, title to the mule which was the subject-matter of that suit was adjudicated to be in the wife, and, as a result of that adjudication, it appeared that only the mule which is the subject-matter of the present litigation belonged to the testator and passed under the will, the evidence did not demand the inference that the plaintiff as executor unconditionally assented to the legacy in the wife as to the mule which is the subject-matter of the present litigation. Title in the defendant, by prescription, was not shown as a matter of law.

2. The judgment in the trover suit brought by the present plaintiff against the defendant for the recovery of the first mule was not res judicata as to the present plaintiff's right as against the defendant to a recovery of the second mule.

3. A mere gift by the testator to the legatee named in the will of property of a similar description to that bequeathed to the legatee, when not given in lieu of the legacy, does not constitute an ademption. Where the testator bequeathed "one mule," to be selected by the legatee, a mere gift by the testator before his death, of a mule to the legatee, not made in lieu of the legacy, did not amount to an ademption of the legacy. Where it was claimed that a gift of a mule by the testator to the legatee amounted to an ademption of a legacy of a mule to the legatee, but where the evidence adduced was not sufficient to establish an ademption of the legacy, evidence offered and which was rejected, to the effect that the testator had stated to some person, other than the legatee and not in the latter's presence, that he intended to give the mule, which he afterwards bought, to the legatee in lieu of the legacy contained in the will, was, even if relevant and admissible, incompetent to show that a gift of this mule, afterwards made to the legatee, constituted an ademption of the legacy.

4. Upon the trial of the trover suit for the second mule, a charge by the court that the bequest to the son takes precedence over the bequest to the wife and children was not error as being an incorrect statement of the law as applied to the evidence, which, it was contended, authorized an inference that, prior to the testator's death, there had been an ademption of the legacy of the mule to the son, where the court elsewhere in the charge unequivocally instructed the jury that if there had been an ademption of the legacy the verdict should be for the defendant.

5. The judge fairly submitted the issues to the jury. The evidence supports the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 13, 1931.

*W. V. Custer & Son,* for plaintiff in error.

*J. T. Goree, P. D. Rich, R. L. Cox,* contra.